[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Clendenin v. Girl Scouts of W. Ohio,* Slip Opinion No. 2017-Ohio-2830.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-2830

CLENDENIN, APPELLEE, *v.* GIRL SCOUTS OF WESTERN OHIO ET AL.;

MORRISON, ADMR., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Clendenin v. Girl Scouts of W. Ohio,* Slip Opinion No. 2017-Ohio-2830.]

*Workers' compensation—Appeal—R.C. 4123.512—Decision that preexisting condition substantially aggravated by workplace injury has returned to preinjury level is a decision regarding the extent of a claimant's disability and is not appealable—Court of appeals' judgment reversed.*

(No. 2015-1993—Submitted January 11, 2017—Decided May 18, 2017.)

APPEAL from the Court of Appeals for Hamilton County, No. C-140658, 2015-Ohio-4506.

_____

**O'NEILL, J.**

{¶ 1} In this case, we are asked whether an Industrial Commission order determining that a preexisting condition that was substantially aggravated by a workplace injury has returned to a level that would have existed absent the injury

is appealable to a court of common pleas under R.C. 4123.512(A). We hold that it is not. A determination that a condition has returned to a level that would have existed absent a workplace injury is a decision regarding the extent of a claimant's disability. R.C. 4123.512 provides that decisions as to the extent of disability are not appealable to the court of common pleas.

**Facts and Prior History**

{¶ 2} Appellee, Audrey Clendenin, suffered an injury on October 21, 2008, while working for the Girl Scouts of Western Ohio. Clendenin's claim for workers' compensation was allowed for right-shoulder rotator-cuff tear, right biceps-tendon tear, substantial aggravation of preexisting right-shoulder tendonitis, substantial aggravation of preexisting acromioclavicular-joint arthritis right, substantial aggravation of preexisting right-shoulder labral tear, and substantial aggravation of preexisting dermatomyositis.

{¶ 3} In March 2013, appellant, the administrator of the Bureau of Worker's Compensation, filed a motion to abate Clendenin's claim for substantial aggravation of preexisting dermatomyositis. The administrator's motion asserted that Clendenin's dermatomyositis had returned to a level that would have existed without her workplace injury. A district hearing officer granted the bureau's motion and ordered that compensation and medical benefits were "no longer [to] be paid under this claim for the allowed condition." The hearing officer stated that the decision was based on a January 9, 2013 medical report. A staff hearing officer agreed.

{¶ 4} Clendenin filed a notice of appeal and a complaint in the Hamilton County Court of Common Pleas, alleging that her condition had not returned to its preinjury status and that compensation and medical benefits should continue to be paid under the claim for the allowed condition.

{¶ 5} The bureau moved to dismiss for lack of subject-matter jurisdiction. It argued that medical abatement of one condition of a claim is an extent-of-

disability issue that cannot be appealed to a common pleas court under R.C. 4123.512(A). The trial court agreed with the bureau and dismissed Clendenin's appeal for lack of jurisdiction.

{¶ 6} Clendenin then appealed to the First District Court of Appeals.[1] The court of appeals reversed the judgment granting the motion to dismiss and remanded the matter to the trial court. 2015-Ohio-4506, 42 N.E.3d 812, ¶ 18-19. The appellate court concluded that the abatement order terminated Clendenin's right to continue to participate in the workers' compensation fund for the claim of a substantial aggravation of preexisting dermatomyositis and that the order was appealable to the court of common pleas. *Id.* at ¶ 14, 18.

{¶ 7} The administrator appealed to this court, asserting the following proposition of law:

> A decision that a claimant's substantially aggravated preexisting condition has returned to a level that would have existed absent a workplace injury involves the extent of the claimant's disability and therefore cannot be appealed under R.C. 4123.512.

Clendenin responded with the following counter proposition:

> A decision that a claimant's substantially aggravated preexisting condition has returned to a level that would have existed absent a workplace injury, involves the right to participate and is thus appealable under R.C. 4123.512.

---

[1] Clendenin also filed a petition for a writ of mandamus in the Tenth District Court of Appeals but voluntarily dismissed that petition pending the outcome of this case. *State ex rel. Clendenin v. Indus. Comm.*, 10th Dist. Franklin No. 14AP-1034 (Apr. 13, 2015).

**{¶ 8}** This cause is before the court on the acceptance of a discretionary appeal.  145 Ohio St.3d 1421, 2016-Ohio-1173, 47 N.E.3d 166.  We reverse the judgment of the First District Court of Appeals and hold that a decision made pursuant to R.C. 4123.54(G) that substantial aggravation of a preexisting condition has abated involves the extent of a claimant's disability.  Accordingly, such a decision is not appealable under R.C. 4123.512.  Instead, a challenge like this one, to the commission's final decision regarding the extent of disability, is properly made by an action in mandamus.

## Law and Analysis

**{¶ 9}** Ohio's workers' compensation system is the exclusive statutory remedy for work-related injuries.  R.C. 4123.74; *Indus. Comm. v. Weigandt*, 102 Ohio St. 1, 4, 130 N.E. 38 (1921).  Therefore, " 'a litigant has no inherent right of appeal in this area.' " *Felty v. AT & T Technologies, Inc.*, 65 Ohio St.3d 234, 237, 602 N.E.2d 1141 (1992), quoting *Cadle v. Gen. Motors Corp.*, 45 Ohio St.2d 28, 33, 340 N.E.2d 403 (1976).  Litigants may seek judicial review of commission rulings in one of the following three ways: by direct appeal to the court of common pleas under R.C. 4123.512, by seeking a writ of mandamus in the Tenth District Court of Appeals or this court, or by seeking a declaratory judgment under R.C. Chapter 2721.  *Felty* at 237.

### *The Appeal Statute*

**{¶ 10}** R.C. 4123.512(A) allows a claimant to appeal an order of a staff hearing officer from which the commission has refused to hear an appeal in "an injury or occupational disease case, other than a decision as to the extent of disability."  The appeal must be filed in "the court of common pleas of the county in which the injury was inflicted."  In addition to filing the notice of appeal, the statute requires a claimant to file a petition showing a cause of action to participate or to continue to participate in the workers' compensation fund and setting forth the basis for the jurisdiction of the court.  R.C. 4123.512(D).  That statute authorizes

the judge, or the jury if a jury trial is demanded, to "determine the right of the claimant to participate or to continue to participate in the fund." *Id.*

{¶ 11} Thus, the statute grants the court of common pleas jurisdiction to review decisions that determine the claimant's right to participate or to continue to participate in the fund. It does not grant the court of common pleas jurisdiction to review decisions regarding the extent of a claimant's disability. Consistent with the goal of having a workers' compensation system that is administered largely outside of the court system, this court has adhered to a narrow reading of R.C. 4123.512. *Felty* at 238.

*Extent of Disability*

{¶ 12} The extent of a claimant's disability determines the amount of compensation and benefits payable under workers' compensation law for the allowed conditions of the claim. *Zavatsky v. Stringer*, 56 Ohio St.2d 386, 384 N.E.2d 693 (1978), paragraph two of the syllabus. A decision regarding the extent of a claimant's disability presupposes that a claimant has been allowed the right to participate in the workers' compensation fund. *Id.* A decision by the commission to increase or decrease compensation or benefits is a decision regarding the extent of the claimant's disability. *Felty*, 65 Ohio St.3d at 239-240, 602 N.E.2d 1141. Final decisions of the commission regarding the extent of disability may be challenged by a writ of mandamus or in an action for declaratory judgment. *Afrates v. Lorain*, 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992), paragraph three of the syllabus. The standard of review of this determination is highly deferential to the commission. *State ex rel. McLean v. Indus. Comm.*, 25 Ohio St.3d 90, 93, 495 N.E.2d 370 (1986). When there is some evidence in the record to support the commission's decision, mandamus is not appropriate. *State ex rel. Black v. Indus. Comm.*, 137 Ohio St.3d 75, 2013-Ohio-4550, 997 N.E.2d 536, ¶ 19.

*Right to Participate*

{¶ 13} This court has stated that R.C. 4123.512 limits a claimant's right to appeal a decision of the commission to the common pleas court to only those orders that decide the claimant's right to participate in the workers' compensation fund. *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 279-280, 737 N.E.2d 519 (2000). The right to participate means that the claimant's injury occurred in the course of and arising out of the claimant's employment. *Id.* at 279*; see also White v. Conrad*, 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327, ¶ 10-15 (once a claimant has the right to participate, a later termination involves the right to continue to participate. A dependent's right to continue to participate is appealable to the common pleas court under R.C. 4123.59(E)). The right to participate is a threshold determination of the jurisdiction of the commission. *Liposchak* at 279-280. When the commission disallows a claim or condition, it denies the claimant the right to participate and all benefits and compensation must be denied for that claim or condition. *Liposchak* at 279-280. The commission's denial of the right to participate for an entire claim is appealable, as is the denial of the right to participate for one condition when other conditions have been allowed. *Zavatsky* at paragraph three of the syllabus. The standard of review in these cases is not deferential to the commission; appeals to the common pleas court under R.C. 4123.512 are subject to de novo review. *Afrates* at 26.

*No Right to Appeal under R.C. 4123.512*

{¶ 14} Clendenin was granted the right to participate in the workers' compensation fund for the substantial aggravation of a preexisting condition as well as for other conditions. In the language of workers' compensation law, the substantial aggravation of Clendenin's preexisting condition was "allowed." R.C. 4123.54(G) provides that compensation and benefits are not payable once the preexisting condition returns to a level that would have existed absent the workplace injury. Based upon a medical report, the Industrial Commission

determined that Clendenin's allowed preexisting condition had returned to a level that would have existed absent her workplace injury and pursuant to R.C. 4123.54(G), ordered that compensation and benefits should no longer be paid for the allowed condition. Clendenin maintains that her preexisting condition has not returned to a level that would have existed absent her workplace injury and that she is still entitled to compensation and benefits.

{¶ 15} Despite the fact that the commission's order stated that benefits were no longer to be paid for Clendenin's preexisting condition, the commission's order continued to refer to Clendenin's claim and condition as allowed. There is no dispute whether Clendenin's claim and this condition were the result of the work-related injury. In order for this decision to be appealable to the court of common pleas, the commission would have had to make a finding that the preexisting condition was not aggravated in the course of Clendenin's employment and that the condition was therefore disallowed. No such finding was made here. Accordingly, this matter, a decision about the extent of Clendenin's disability, is not appealable to the court of common pleas under R.C. 4123.512.

{¶ 16} Our case law supports this conclusion. In *Zavatsky*, one of the claimants was allowed to participate based on a claim for an injury to his left elbow. However, additional conditions for which the claimant was seeking to participate were found to be unrelated to the claimant's workplace injury. This court held that the order finding that the additional conditions were not the result of or related to the workplace injury was appealable to the common pleas court under R.C. 4123.512 even though the claimant was allowed to participate for other conditions. *Zavatsky*, 56 Ohio St.2d at 389, 384 N.E.2d 693. In *Felty*, we determined that the court of common pleas lacked jurisdiction to hear an employer's appeal of the denial of its motion to indefinitely suspend a claimant's benefits. 65 Ohio St.3d at 241, 602 N.E.2d 1141. Because the denial of the motion to suspend benefits was not an allowance or disallowance of the claimant's right to participate, the employer

could not appeal the decision to a court of common pleas under R.C. 4123.512. *Felty* at 241. Similarly, the order of the Industrial Commission in this case leaves the threshold determination that the aggravation of the preexisting condition was the result of the workplace injury undisturbed.

{¶ 17} Phrasing a motion in terms of terminating the right to participate does not establish the right to appeal under R.C. 4123.512. Courts must look to the issue before the Industrial Commission and its order, not how the motion was posited, to determine whether the order is appealable under R.C. 4123.512. *Thomas v. Conrad*, 81 Ohio St.3d 475, 479, 692 N.E.2d 205 (1998). If we held that a decision to no longer compensate an individual for an allowed condition was in essence the same as a decision on the right to participate, we would subject a whole class of commission decisions to a less deferential level of review that the legislature did not authorize.

**Conclusion**

{¶ 18} We hold that a decision that a claimant's preexisting condition that was substantially aggravated by a workplace injury has returned to the level that would have existed absent the workplace injury involves the extent of a claimant's disability that may be challenged in a mandamus action. Under R.C. 4123.512, decisions regarding the extent of the claimant's disability are not appealable to a court of common pleas. The decisions that are appealable to a court of common pleas under R.C. 4123.512 are those decisions that resolve an employee's right to participate or to continue to participate in the workers' compensation fund. *Zavatsky*, 56 Ohio St.2d 386, 384 N.E.2d 693; *Afrates*, 63 Ohio St.3d 22, 584 N.E.2d 1175; *Felty*, 65 Ohio St.3d 234, 602 N.E.2d 1141; *White*, 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327; *Benton v. Hamilton Cty. Educational Serv. Ctr.*, 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778.

Judgment reversed

and cause dismissed.

O'CONNOR, C.J., and KENNEDY, FRENCH, GALLAGHER, and DELANEY, JJ., concur.

O'DONNELL, J., concurs in judgment only.

SEAN C. GALLAGHER, Eighth District Court of Appeals, sitting for FISCHER, J.

PATRICIA A. DELANEY, Fifth District Court of Appeals, sitting for DEWINE, J.

_____

Becker & Cade and Dennis A. Becker, for appellee.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Samuel C. Peterson, Deputy Solicitor, and Cheryl J. Nester, Assistant Attorney General, for appellant.

_____