[Cite as *McCloud v. Duffy*, 2018-Ohio-3730.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

KEITH McCLOUD,

Plaintiff-Appellant,

v.

DONNA DUFFY,  et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 JE 0020**

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 17 CV 00136

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Carol Ann Robb Judges.

---

**JUDGMENT:**
AFFIRMED

---

*Keith McCloud, Pro se*, 538 Cedar Avenue, Steubenville, Ohio 43952, for Plaintiff-Appellant
and

*Atty. Gary Nicholson and Atty. Donald Drinko*, 1501 Euclid Avenue, 6th Floor – Bulkley
Building, Cleveland, Ohio 44115, for Defendants-Appellees.

Dated:  September 13, 2018

**BARTLETT, J.**

{¶1} Appellant, Keith McCloud, acting *pro se*, appeals the judgment entry of the Jefferson County Court of Common Pleas granting the motion to dismiss his *pro se* amended complaint pursuant to Civ. R. 12(B)(6), filed by Appellees, Associated Compensation Resources, and its employees, Donna Duffy and Bradford Union. Appellant contends that his workers compensation benefits were terminated due to fraud on the part of ACR, the third-party administrator of his employer's self-insured workers compensation program.

{¶2} The amended complaint states seven fraud claims, six claims based on various statutes criminalizing fraud and fraudulent actions, and one claim for common law fraud. In the prayer for relief, Appellant seeks $5,300.00 in compensatory damages, $1,600,000.00 in punitive damages, and other relief that the trial court may deem appropriate.

{¶3} In R.C. 4123.512, the Ohio General Assembly enacted strict jurisdictional limitations and exacting filing requirements that govern Appellant's right to appeal a decision of the Industrial Commission to the common pleas court. The jurisdiction of the common pleas court is confined solely to decisions that determine the claimant's right to participate in the workers' compensation fund. Further, R.C. 4123.512 includes specific filing requirements with which Appellant has failed to comply. As a consequence, we find that the trial court did not err when it dismissed the amended complaint, and we do not address Appellant's fraud claims.

I.     Standard of Review

{¶4} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). The trial court must construe all reasonable inferences in the plaintiff's favor, and presume that the facts alleged in the complaint are true. If, after doing so, the trial court finds beyond doubt that the plaintiff can prove no set of facts warranting relief, only then is dismissal warranted. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994).

{¶5} The trial court must limit its consideration to the four corners of the complaint,

*Union Local Assn. of Classroom Teachers of OEA/NEA v. Ohio Bd. Of Edn.*, 7th Dist. No. 06 BE 33, 2007-Ohio-5053, ¶ 10. However, "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1, 673 N.E.2d 1281 (1997)(various articles and public health studies attached to the complaint were considered in Rule 12 motion); see also *State ex. rel. GMS Mgt. Co., Inc. v. Vivo*, 2010-Ohio-4184, ¶ 14 (written correspondence attached to the complaint considered for the purposes of motion to dismiss). Appellate courts review the propriety of Rule 12 dismissal de novo. *Hernandez v. Riggle*, 2016-Ohio-8032, 74 N.E.3d 822, ¶ 9 (7th Dist.).

**{¶6}** Appellant attached the transcript of a December 21, 2016 workers' compensation hearing to his original complaint. There are additional attachments to his various pleadings, including his motion for default judgment, a pleading with no caption referred in the certificate of service as "Exhibit package," his response to the second motion to dismiss, and his amended complaint. The attachments are sequentially numbered, despite the fact that they are attached to separate pleadings. Appellant nonetheless refers to them in the amended complaint as if they are all attached thereto. Because *pro se* complaints are to be liberally construed, we will consider all of the attachments as if they were incorporated into the amended complaint. See *Gomez v. Dyer*, 7th Dist. No. 07 NO 342, 2008-Ohio-1523, ¶ 46.

II.     Facts and Procedural History

**{¶7}** Appellant is a professional truck driver who was the victim of a head-on collision with an automobile that traveled left of center in August of 2016. The driver of the automobile perished as a result of the accident. (Am. Compl., Lines 50-51.)

**{¶8}** Appellant filed a claim through the Ohio Bureau of Workers' Compensation ("BWC"), which was certified by his employer. It appears from the limited information in the record that the authorization for treatment of post-traumatic stress disorder ("PTSD") was conditionally granted but then revoked. The Industrial Commission declined to exercise jurisdiction over Appellant's administrative appeal. (Appellees' Brf., p. 1; Record of Proceedings, attached as Exhibit 1 to Appellant's Affidavit in support of Motion for Default Judgment.)

**{¶9}** Appellant's fraud claims are based on the following facts. On October 13, 2016, Union told Appellant that he was going to send a blank "change of physician" form for

Case No. 17 JE 0020

Appellant to sign. Union explained that the form would be completed by ACR. (Am. Compl., Lines 55-56.) The following day, at Appellant's appointment with his treating physician, the physician's assistant gave Appellant a blank form to sign at Union's direction. (*Id.*, Lines 58-59.) Appellant, who was suffering from blurred vision as a result of the accident, assumed that it was the "change of physician" form and signed it. (*Id.*, Lines 60-62.)

**{¶10}** The form at issue was a C86 motion to consider additional evidence. The motion was completed by Appellant's physician, and requested consideration for: (1) an electromyogram study ("EMG"); (2) trigger point injections; and, (3) the addition of "mild concussion" to the covered diagnosis. Appellant contends that the physician's assistant told him that she wanted to submit a C9 form, but she was instructed by Union to submit the C86 motion instead. (*Id.* Lines 64-69.)

**{¶11}** Medical providers use Form C9 to supply information to self-insuring employers and to request authorization for additional treatment. On the other hand, any party to a claim can use Form C86 to request action on a claim from either the BWC or the Industrial Commission. https://www.bwc.ohio.gov/bwccommon/forms.

**{¶12}** The C86 motion was submitted by Appellant's physician. Appellant's employer approved the EMG and injections, and an independent medical examination was scheduled with a "Dr. Glazer" to assess the possible concussion and the proposed need for further treatment. Appellant contends that Dr. Glazer lied about his physical condition. (Am. Compl., Lines 79-81.)

**{¶13}** Roughly two weeks later, the motion was submitted to the Industrial Commission and a hearing was scheduled. Because Appellant did not authorize the submission of the C86 motion, he asserts that the motion is evidence of fraud perpetrated by ACR and its employees. (*Id.*, Lines 71-75.) Furthermore, because the workers' compensation hearing was rescheduled at ACR's request, Appellant asserts that the BWC was complicit in ACR's fraud. (*Id.*, Lines 76-77.) When Appellant communicated his accusations of fraud to ACR, he was given the opportunity to withdraw the motion but he declined. (12/21/16 Duffy letter, Exhibit package, Exhibit 3.)

**{¶14}** In the meantime, and according to correspondence from Union to Dr. Prabhjot Deol dated October 21, 2016, Appellant's claim for PTSD was not accepted. According to the Union letter, the Form C9 dated September 29, 2016, approving treatment for PTSD for sixty days, was revoked. (10/21/16 Union letter, Am. Compl., Exhibit 11.)

{¶15} At the workers' compensation hearing on December 21, 2016, the district hearing officer acknowledged that Appellant's physician could not submit the C86 motion without Appellant's authorization, and gave Appellant the opportunity to withdraw the motion. (12/21/16 Hrg. Tr., p. 8, attached to the original complaint.)  Appellant declined to withdraw the motion, reasoning that he could not withdraw something that was fraudulently submitted by another party. (*Id.* at 9.)  Nonetheless, the hearing officer expressed his intent to dismiss the motion.  Appellant objected to the dismissal because he opined that the motion was evidence of ACR's fraudulent conduct and that the dismissal was an attempt to conceal the fraud. (*Id.* at 10.)

{¶16} The hearing officer permitted Appellant to play an audio recording of a conversation between Appellant and a woman identified in the transcript as "unidentified female" that was transcribed into the record. In the audio recording, the woman acknowledges that Union faxed the blank C86 motion to the doctor's office and instructed her to complete the form. (*Id.* at 16.)

{¶17} At the conclusion of the hearing, the hearing officer realized that Appellant's motion for treatment for PTSD was also pending.  The hearing officer explained that the issue of further allowance of PTSD had been previously addressed, and the current motion requested treatment, but did not request any specific type of treatment.  Due to the lack of specificity, the hearing officer indicated his intention to dismiss Appellant's motion for treatment for PTSD. (*Id.* at 24-26.)

{¶18}  Appellant alleges that Duffy sent correspondence to State Auditor Gary Willis, to forestall an investigative audit by his office, which would have revealed the fraud perpetrated by ACR. (Am. Compl., Line 119-130.) The Duffy letter, dated December 21, 2016, is actually a response to a formal complaint filed by Appellant with the auditor's office accusing ACR and its employees of fraud.

{¶19} The amended complaint states seven causes of action:  two counts of workers' compensation fraud in violation of R.C. 2913.48; evidence that victim lacked capacity to give consent in violation of R.C. 2913.73; forgery in violation of R.C. 2913.31; defraud [sic]; securing writings by deception in violation of R.C. 2913.43; and theft by deception, and threat and intimidation in violation of R.C. 2913.02.  Appellant alleges that the facts in the amended complaint demonstrate fraud on the part of ACR and its employees, resulting in the termination of his workers compensation benefits.

**{¶20}** Appellees filed joint motions to dismiss both the original and amended complaints pursuant to Ohio Civ. R. 12(B)(6), arguing that neither of the pleadings stated a cognizable claim or appeal upon which the trial court could exercise subject matter jurisdiction. The trial court conducted three oral hearings over a two-month period in an effort to convince Appellant to hire an attorney.

**{¶21}** In his amended complaint, Appellant alleges that the Industrial Commission did not award him the temporary total disability benefits due to ACR's fraud. At a hearing before the trial court on June 12, 2016, Appellant stated:

> MR.MCCLOUD: They terminated my temporary total. I put that through and in the paperwork where they terminated –
> THE COURT: Did you appeal that?
> MR.MCCLOUD: Yes. Well, that's what I'm doing. I brought it to court because they would not hear fraud claims. I have a list of the beginning of this which started in October and I have a list that had fraud probably, about, I don't know, maybe two to three pages long.

(6/12/16 Tr., p. 12.) On July 11, 2017, the trial court issued a proposed order dismissing the case pursuant to Civ. R.12(B)(6). (7/11/17 J.E.)

III. Law

**{¶22}** Created in 1913, Ohio's workers' compensation system constitutes a statutory agreement between employers and injured workers. See Fulton, *Ohio Workers' Compensation Law*, 2nd Edition, Section 2, 12. Its goals are to protect injured workers and employers from losses that result from workplace accidents, compensate injured workers and employers from losses that result from workplace accidents, compensate injured workers and their beneficiaries, promote workplace safety and accident prevention, and ensure that each employer participating in the workers' compensation system pays an amount in premiums that reasonably corresponds with the risk that employer presents to the system. *State ex. rel. Superior Foundry, Inc. v. Indus. Comm. of Ohio*, 168 Ohio St. 537, 542, 156 N.E.2d 742 (1959).

**{¶23}** Contested workers' compensation claims are initially adjudicated through the Industrial Commission of Ohio's administrative process. The first hearing occurs before a district hearing officer. R.C. 4123.511. The parties can appeal that decision to a staff

hearing officer. *Id.* A third appeal may be made with the Industrial Commission, but those appeals are discretionary and subject to acceptance by the Industrial Commission. *Id.*

**{¶24}** Like the right to workers' compensation itself, the right to appeal workers' compensation decisions to the courts is conferred solely by statute. *Felty v. AT & T Technologies, Inc.*, 65 Ohio St.3d 234, 237, 602 N.E.2d 1141 (1992). Litigants may seek judicial review of decisions by the Industrial Commission in one of three ways: by direct appeal to the courts of common pleas pursuant to R.C. 4123.519, by filing a mandamus petition in the Supreme Court or in the Tenth District Court of Appeals, or by a declaratory judgment action pursuant to R.C. Chapter 2721. *Id.* "[I]f the litigant seeking judicial review does not make the proper choice, the reviewing court will not have subject matter jurisdiction and the case must be dismissed." *Id.*

**{¶25}** Of the three forms of judicial review noted above, the most limited form is direct appeal to the courts of common pleas. *Felty*, 65 Ohio St.3d at 237, 602 N.E.2d 1141. The claimant or the employer may appeal an order of the Industrial Commission in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas. R.C. 4123.512(A).

**{¶26}** R.C. 4123.512 has been interpreted to limit a claimant's right to appeal a decision of the commission to the common pleas court to only those orders that decide the claimant's right to participate in the workers' compensation fund. *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 279-280, 737 N.E.2d 519 (2000). The right to participate means that the claimant's injury occurred in the course of and arising out of the claimant's employment. *Id.* at 279, 737 N.E.2d 519. The Industrial Commission's denial of the right to participate for an entire claim is appealable, as is the denial of the right to participate for one condition when other conditions have been allowed. *Zavatsky v. Stringer*, 56 Ohio St.2d 386 384 N.E.2d 693, at paragraph three of the syllabus (1978).

**{¶27}** Where fraud is alleged at the initial stage when the right to participate is determined, the common pleas court has jurisdiction to review the initial right-to-participate determination, including any allegation of fraud. *Benton v. Hamilton Cty. Educational Serv. Ctr.*, 123 Ohio St.3d 778, 2009-Ohio-4969. However, phrasing a motion in terms of terminating the right to participate does not establish the right to appeal under R.C. 4123.512. Courts must look to the issue before the Industrial Commission and its order, not how the motion was posited, to determine whether the order is appealable under R.C.

4123.512. *Clendenin v. Girl Scouts of W. Ohio*, 150 Ohio St.3d 300, 2017-Ohio-2830, 81 N.E.3d 438, ¶ 17, reconsideration denied, 150 Ohio St.3d 1411, 2017-Ohio-6964, 78 N.E.3d 910, citing *Thomas v. Conrad*, 81 Ohio St.3d 475, 479, 692 N.E.2d 205 (1998).

**{¶28}** Within thirty days after the filing of the notice of appeal by either party, the claimant must file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. R.C. 4123.512(D). The administrator, the claimant, and the employer shall all be made parties to the appeal, and the trial court, upon application of the commission, shall make the commission a party. The party filing the appeal shall serve a copy of the notice of appeal on the administrator at the central office of the BWC in Columbus. R.C. 4123.512(D). The trial court exercises *de novo* review.

IV.    Analysis

Assignment of error #1
The trial courts prior decision that the Industrial Commission has exclusive jurisdiction over issues of fraud should be reversed, as Ohio statutes and rules do not provide the Industrial Commission with exclusive jurisdiction to find fraud as Defendants [sic] counsel stated.

Assignment of error #2
The trial court erred by granting Defendant's [sic] motion to dismiss on the basis of lack of subject matter jurisdiction because Ohio statutes and rules do not specifically limit an employee's rights to pursue common law actions for fraud against an employer as Defendants [sic] counsel stated.

Assignment of error #3
The trial court erred by finding it did not have jurisdiction over common law causes of action, including fraud, Relief [sic] for pain and suffering, fraudulent concealment, misrepresentation, which are cognizable and independent based on Defendant's [sic] Unjust [sic] termination of temporary total disability compensation during the period of healing of injuries as Defendants [sic] counsel stated.

**{¶29}** Appellant contends that the trial court has jurisdiction over his fraud claims based on Ohio statutes criminalizing workers' compensation fraud, and various other criminal statutes, as well as common law fraud. However, "[i]n the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state." *State ex rel. Bailey v. Ohio Parole Bd.*, 152 Ohio St.3d 426, 2017-Ohio-9202, 97 N.E.3d 433, ¶ 14, citing *George v. State*, 10th Dist. Nos. 10AP-4 and 10AP-97, 2010-Ohio-5262, 2010 WL 4264417, ¶ 32. Further, R.C. 2913.48(D) of the workers compensation fraud statute, which reads, in its entirety, "[t]he remedies and penalties provided in this section are not exclusive remedies and penalties and do not preclude the use of any other criminal or civil remedy or penalty for any act that is in violation of this section," does not create a private right of action. See *Cathey v. Cassens Transport Co.*, 3d Dist. No. 14-99-35, 2000-Ohio-1629, *7.

**{¶30}** Common pleas court jurisdiction over workers' compensation appeals is created exclusively by R.C. 4123.512. Even assuming arguendo that Appellant has alleged a denial of his right to participate in the fund, which is not clear from the record, the amended complaint does not comport with the procedural or substantive requirements for a workers' compensation appeal set forth in R.C. 4123.512(B). Appellant has not named the Administrator of the Bureau of Workers' Compensation or the employer, or included the number of the claim or the date of the order that is being appealed. Appellant has also failed to include a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action.

**{¶31}** Of equal concern, Appellant's fraud allegations in the amended complaint relate to the filing of the motion to include concussion in the covered diagnosis, rather than the revocation of the authorization of treatment for PTSD. He provides no nexus between the revocation of the allowance for PTSD and what appears to be, at most, a miscommunication regarding the C86 motion for concussion.

**{¶32}** In other words, even if the trial court ignored the form of the *pro se* pleading, and focused solely on the allegations in the amended complaint, the allegations do not state a cause of action to participate in the fund. Therefore, we find that the assignments of error are meritless and the trial court did not err in dismissing the amended complaint.

V.    Conclusion

**{¶33}** Common pleas court jurisdiction over workers compensation appeals is strictly limited by statute to decisions affecting a claimant's right to participate in the fund. R.C. 4123.512 also provides exacting pleading requirements for workers compensation appeals.  Because the amended complaint suffers from both procedural and substantive defects, we find that even the most liberal construction of the pleading cannot transform it into a properly plead R.C. 4123.512 appeal.

**{¶34}** Although *pro se* complaints are to be liberally construed, "[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors."  *Gomez* at ¶ 46, citing *State v. Gordon*, 10th Dist. No. 03AP-490, 2003-Ohio-6558, ¶ 14.

**{¶35}** Accordingly, we find that the assignments of error have no merit and the judgment entry of the trial court dismissing the case is affirmed pursuant to Civ.R 12(B)(6).


**Donofrio, J., concurs.**
**Robb, P.J., concurs.**

Case No. 17 JE 0020

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**