HAFFNER, Appellant,

v.

CONRAD, Admr., et al.; Bridgestone/Firestone, Inc., Appellee.

[Cite as *Haffner v. Conrad* (1997), 122 Ohio App.3d 516.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16236.

Decided Sept. 12, 1997.

*Joseph R. Ebenger*, for appellant.

*David C. Korte* and *Michelle Depew Bach*, for appellee.

GRADY, Judge.

Plaintiff, Blanche Haffner, appeals from a summary judgment for defendant, Bridgestone/Firestone, Inc., on Haffner's intentional tort claim. The claim alleged that Bridgestone committed an intentional tort by failing to pay workers' compensation death benefits it was ordered to pay in connection with the death of Mrs. Haffner's husband.

Robert Haffner was employed by Bridgestone until 1977, when he was injured during the course of that employment. Mr. Haffner was paid workers' compensation benefits, and eventually was awarded permanent total disability benefits in 1982. Mr. Haffner continued to receive benefits until his death in August 1990. The benefits were paid directly by Bridgestone, which is a self-insured employer for purposes of Ohio workers' compensation laws.

In May 1991, Blanche Haffner filed a claim for death benefits with the Bureau of Workers' Compensation, alleging that her husband's death arose from his 1977 injury. On September 14, 1995, a district hearing officer ordered payment of death benefits to Mrs. Haffner at the rate of $419 per week.

Bridgestone made payments on the death benefit awarded to Mrs. Haffner, but at the rate of only $209.50 per week, one-half the amount that the district hearing officer had ordered it to pay. The benefits were paid retroactively to 1990, the date of Mr. Haffner's death. In total, Bridgestone paid death benefits to Mrs. Haffner of approximately $56,000.

Bridgestone administratively appealed the decision of the district hearing officer. On October 13, 1995, a staff hearing officer affirmed the award of death benefits, but modified the amount of the award to $209.50 per week.

On November 1, 1995, Mrs. Haffner filed this action against Bridgestone in the court of common pleas. Mrs. Haffner alleged that because Bridgestone is statutorily required to pay the benefit ordered by the district hearing officer, Bridgestone had acted "arbitrarily, capriciously, wilfully, illegally and maliciously" when it paid a death benefit of only one-half the amount ordered. Mrs. Haffner alleged that Bridgestone's conduct constituted an intentional tort. She sought compensatory damages of approximately $56,000, the amount of the death award she claimed was still owed to her under the district hearing officer's order. She also sought punitive damages of $500,000.

Bridgestone filed a motion to dismiss Mrs. Haffner's action, arguing that the court lacked subject matter jurisdiction to hear the complaint because Haffner had not exhausted her administrative remedies. Shortly after Haffner's intentional tort action was filed, both parties filed administrative appeals to the Industrial Commission from the staff hearing officer's order of October 13, 1995. Haffner had also filed an administrative complaint with the Bureau of Workers' Compensation concerning Bridgestone's failure to pay the death benefit awarded by the district hearing officer. Bridgestone argued that because those administrative matters remained pending, the common pleas court should dismiss Haffner's intentional tort claim. In May 1996, the court overruled Bridgestone's motion to dismiss.

On June 10, 1996, the Industrial Commission ordered that Haffner's application "seeking allowance of a death claim be denied." The commission also ordered that the staff hearing officer's order of October 13, 1995, which had allowed the death claim at the reduced rate of $209.50 per week, "be vacated and held for naught."

Following the Industrial Commission's order, Bridgestone filed a motion for summary judgment in the intentional tort action. Bridgestone argued that the intentional tort claim necessarily failed because the Industrial Commission had determined that Haffner was not entitled to death benefits. The trial court granted Bridgestone's motion for summary judgment, stating:

"In order to overcome defendant–employer's motion for summary judgment, plaintiff–claimant must show specific facts which raise a genuine issue of triable fact that defendant–employer's failure to pay the full death award rate was wrongful. Accord *Balyint v. Arkansas [Best] Freight System, Inc.* (1985), 18 Ohio St.3d 126 [18 OBR 188, 480 N.E.2d 417], Civ.R. 56. The Ohio Supreme Court has included bad faith as a determinative factor in weighing a *Balyint* claim. *Kokitka v. Ford Motor Co.* (1995), 73 Ohio St.3d 89, 94–95 [652 N.E.2d 671, 675–676]. In light of the staff hearing officer's decision adjusting the death award rate to that which the defendant–employer has at all times paid, the court finds that reasonable minds could not conclude defendant–employer's payment of death benefits at half the rate awarded by the district hearing officer was in bad faith.

"Also, in order to proceed with a claim for an intentional tort, plaintiff–claimant must be able to show that reasonable minds could conclude plaintiff–claimant incurred some damages. The Industrial Commission's decision that plaintiff–claimant is not entitled to an award of death benefits leaves plaintiff–claimant with a windfall of prior death benefit payments paid.. It would strain the intellect to conclude that defendant–employee's failure to add to plaintiff–claimant's windfall caused her damages."

█ Haffner filed a timely notice of appeal, and now presents a single assignment of error for our review:

"The trial court committed error·when it granted defendant, Bridgestone/Firestone's motion for summary judgment since reasonable minds could find that the defendant's admitted intentional withholding of death benefits to a widow as ordered by a district hearing officer of the Industrial Commission of Ohio constituted tortious conduct."

In *Balyint v. Arkansas Best Freight Sys., Inc.* (1985), 18 Ohio St.3d 126, 18 OBR 188, 480 N.E.2d 417, the Supreme Court held that "[a]n employee of a self-insured employer may maintain a cause of action against the employer for the intentional and wrongful termination of workers' compensation payments." *Id.* at the syllabus. "This common-law cause of action for intentional tort requires proof that the employer intentionally failed to follow the law or violated a legal duty imposed upon it in the handling of its employee's claim." *Kokitka v. Ford Motor Co.* (1995), 73 Ohio St.3d 89, 94, 652 N.E.2d 671, 675.

R.C. 4123.511(H)(4), in its previous form, stated:

"(H) Except as provided in division (J) of this section, payments of compensation to a claimant or on behalf of a claimant as a result of any order issued under this chapter shall commence upon the earlier of the following:

" * * *

"(4) The date of receipt by the employer of the district hearing officer issues an order under division (C) of this section." [*Sic.*] 1995 Am.Sub.H.B. No. 278, 146 Ohio Laws, Part II, 3594.

Ohio Adm.Code 4123–19–03(L)(5), pertaining to self-insuring employers, provides:

"(L) Minimal level of performance as a criterion for granting and maintaining the privilege to pay compensation directly.

" * * *

"(5) * * * The employer shall pay compensation due and payable under an order no later than twenty-one days after receipt of the order to do so. * * * "

Haffner argues that Bridgestone was under an absolute duty to pay the award ordered by the district hearing officer pursuant to these provisions, regardless of whether an appeal was taken from that order and even though that order was subsequently reversed. Haffner further argues that whether Bridgestone committed an intentional tort in failing to pay the death award ordered by the district hearing officer and whether Bridgestone's conduct was wrongful and in bad faith present questions of fact which cannot be resolved on a motion for summary judgment.

 We do not construe R.C. 4123.511(H)(4) or Ohio Adm.Code 4123–19–03(L)(5) to create an absolute duty in an employer to immediately pay a benefit awarded in the order of a district hearing officer or an absolute right in a claimant to immediate payment of it. The order. is subject to further review by a staff hearing officer and by the Industrial Commission. R.C. 4123.511(D) and (E). The order may be modified or vacated at either stage. Therefore, the right that the district hearing officer's order confers on a claimant is an inchoate right, subject to affirmance in any subsequent review in order to be whole and complete. If the order is subsequently modified or vacated on review, the claimant's right is thus modified, as is the employer's duty to pay. Furthermore, because those reviews and the relief they offer are plenary in nature, any changes they make in the district hearing officer's order are retroactive to its entry. Where, as here, the district hearing officer's order is vacated, both the employer's duty to pay an award and claimant's right to receive it are extinguished *ab initio.*

Because the Industrial Commission's order extinguished Bridgestone's duty to pay the benefit ordered by the district hearing officer and Haffner's right to receive it, Bridgestone's failure to pay created no breach of any duty it owed to Haffner for which a claim for relief in tort will lie, notwithstanding the fact that Bridgestone's act was clearly intentional. Therefore, the trial court did not err when it granted Bridgestone's motion for summary judgment.

Our conclusion that Bridgestone's failure to pay the amount of death benefits ordered by the district hearing officer breached no duty it owed Haffner is further supported by R.C. 4123.511(J), which states in relevant part:

"(J) Upon the final administrative or judicial determination, if a claimant is found to have received compensation to which the claimant was not entitled, the claimant's employer, if a self-insuring employer, * * * shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under Chapter 4121, 4123, 4127, or 4131 of the Revised Code, the amount to which the claimant was not entitled pursuant to [various stated criteria]."

■ Here, Bridgestone is unable to recoup monies pursuant to R.C. 4123.511(J) because Haffner is not entitled to receive other monies from Bridgestone. However, R.C. 4123.511(J) demonstrates that an employer who has overpaid a workers' compensation claimant is the injured party in the transaction, not the claimant who has benefited from the overpayment. That is significant in relation to the intentional tort claim that Haffner has brought, because absent an injury to her person or property she has no claim that sounds in tort.

■ Our decision should not be read to approve an employer's noncompliance with a district hearing officer's order. The purpose of R.C. 4123.511(H)(4) and Ohio Adm.Code 4123–19–03(L)(5) is to provide a claimant with the benefit ordered by a district hearing officer during the administrative appeal process and any subsequent judicial review. An employer who elects to thwart that purpose by disregarding the requirements of a district hearing officer's order does so at his peril. If its appeals from that decision are eventually rejected, then the employer may be subjected to a claim of intentional tort, and may be held liable for compensatory and punitive damages as a result. *Balyint v. Arkansas Best Freight Sys., Inc.; Kokitka v. Ford Motor Co., supra.*

Haffner's single assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.