DECISION
Relator, Joann M. Thompson, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying her November 16, 1999 motion that the self-insured employer be ordered to repay the amount that the employer withheld from relator's death claim benefits for an overpayment of death claim benefits.
Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Magistrate's Decision attached as Appendix A.) In the decision, the magistrate concluded that application of R.C. 4123.511(J) to the death claim overpayment (1) does not contravene the constitutional ban on retroactive legislation, and (2) the statute permits recoupment of an overpayment in a death claim. Accordingly, the magistrate determined the requested writ should be denied.
Relator has filed objections to the magistrate's decision:
 1. The Magistrate erred in not finding that Respondents unlawfully retroactively applied R.C. 4123.511(J), and in finding that R.C. 4123.511(J) was a procedural, rather than a substantive, change in the law.
 2. The Magistrate erred in finding that R.C. 4123.511(J) applies to an award of death benefits and permits recouping an overpayment from a death benefit award.
Relator's objections reargue those matters adequately addressed in the magistrate's decision. As the decision observes, in State ex rel. Farwick v. The Hoover Co. (1999), Franklin App. No. 97AP-1708, this court noted its prior decision in Cable v. Indus. Comm. (1996), Franklin App. No. 95AP-737, and stated:
 * * * In Cable, this court looked at the date of the order granting temporary total disability compensation that was subsequently modified and resulted in an overpayment. Because the commission's order granting compensation was made after October 20, 1993, this court found that R.C. 4123.511(J) applied.
Applying Cable and Farwick, the magistrate properly concluded that R.C. 4123.511(J) applies to overpayments occurring in the death claim at issue because the death claim was allowed following the July 22, 1994 hearing, which post-dates the effective date of the section at issue.
Moreover, the magistrate properly found the statute applies to death claims because it applies to "any claim, past, present, or future under Chapter 4121., 4123., 4127., or 4131. of the Revised Code." That language encompasses death claims, which fall under R.C. Chapter 4123. Accordingly, relator's objections are overruled.
Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
TYACK, P.J., and DESHLER, J., concur.
 IN MANDAMUS
In this original action, relator, Joann M. Thompson, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her November 16, 1999 motion that the self-insured employer be ordered to repay relator the amount that the employer withheld from relator's death claim benefits for an overpayment of death claim benefits.
Findings of Fact:
1. On March 23, 1993, Charles W. Thompson ("decedent") died as a result of an occupational disease he acquired in the course of and arising out of his employment with respondent Ohio Edison Company ("Ohio Edison"), a self-insured employer under Ohio's workers' compensation laws. Decedent's industrial claim is assigned claim number OD57132-22.
2. On September 30, 1993, decedent's surviving spouse, Joann M. Thompson, filed a claim for death benefits. Following a July 22, 1994 hearing, a district hearing officer ("DHO") found that relator was wholly dependent upon decedent for support at the time of his death and that relator was entitled to a death award payable at the state minimum rate of $230 per week "until such time as wage information is submitted to warrant an increase."
3. On December 5, 1994, relator moved for a hearing on her death benefits rate.
4. Following a February 3, 1995 hearing, a DHO issued an order setting decedent's average weekly wage at $900.71 based upon wage information submitted. The DHO further ordered that "[p]reviously paid compensation is to be adjusted" in accordance with the workers' compensation statutes.
5. Apparently, Ohio Edison paid to relator the adjusted benefits as ordered by the DHO. Ohio Edison also administratively appealed the DHO's order.
6. Following a March 27, 1995 hearing, a staff hearing officer ("SHO") vacated the DHO's order of February 3, 1995, and reset the weekly death benefits at the state minimum rate in effect for a 1993 date of death, that is, $230.
7. On May 16, 1995, another SHO mailed an order refusing relator's administrative appeal from the March 27, 1995 SHO's order.
8. On or about August 22, 1995, Ohio Edison began withholding weekly death benefits to satisfy the overpayment. By September 4, 1997, Ohio Edison had withheld the total amount of the overpayment and resumed weekly death benefits to relator at the rate of $230 per week.
9. On November 16, 1999, relator moved that the commission order Ohio Edison to repay her the amount that was withheld for the overpayment. Relator's motion was premised upon her position that R.C. 4123.511(J) does not provide for recovery of death claim benefits.
10. Following a January 10, 2000 hearing, a DHO issued an order denying relator's November 16, 1999 motion. The DHO's order states:
 The Hearing Officer finds and orders that claimant's request to recover an overpayment of death benefits previously repaid to the self-insured employer is not well taken. The claimant was in fact overpaid and claimant's representatives have not submitted any persuasive argument on why death benefits should not be recoverable.
 This order is also based on Haffner v. Conrad, 122 Ohio App.3d 516.
11. Relator administratively appealed. Following a March 10, 2000 hearing, an SHO issued an order affirming the DHO's order.
12. On April 13, 2000, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of March 10, 2000.
13. On September 17, 2001, relator, Joann M. Thompson, filed this mandamus action.
Conclusions of Law:
Two issues are presented: (1) whether the application of R.C. 4123.511(J) to the death claim overpayment is in contravention of the ban upon retroactive legislation set forth in Section 28, Article II, Ohio Constitution; and (2) assuming that the application of R.C. 4123.511(J) does not violate the constitutional ban, does the statute permit recoupment of an overpayment in a death claim?[1]
The magistrate finds: (1) the application of R.C. 4123.511(J) to the death claim overpayment does not contravene the constitutional ban upon retroactive legislation; and (2) the statute permits recoupment of an overpayment in a death claim. Accordingly, it is the magistrate decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
Turning to the first issue, relator contends that, because the death claim arose upon decedent's death occurring March 23, 1993, a date preceding the effective date of R.C. 4123.511(J), the statute has been retroactively applied in contravention of the constitutional ban. The magistrate disagrees.
R.C. 4123.511 became effective October 20, 1993, following enactment of Am.Sub.H.B. No. 107 ("H.B. 107"), which substantially amended the workers' compensa-tion laws of Ohio. R.C. 4123.511(J) states in part:
 Upon the final administrative or judicial determination under this section or section 4123.512 of the Revised Code of an appeal of an order to pay compensation, if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal, the claimant's employer, if a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under Chapter 4121., 4123., 4127., or 4131. of the Revised Code, the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled, pursuant to the following criteria:
 (1) No withholding for the first twelve weeks of temporary total disability compensation pursuant to section 4123.56 of the Revised Code shall be made;
 (2) Forty per cent of all awards of compensation paid pursuant to sections 4123.56 and 4123.57 of the Revised Code, until the amount overpaid is refunded;
 (3) Twenty-five per cent of any compensation paid pursuant to section 4123.58 of the Revised Code until the amount overpaid is refunded;
 (4) If, pursuant to an appeal under section 4123.512 of the Revised Code, the court of appeals or the supreme court reverses the allowance of the claim, then no amount of any compensation will be withheld.
H.B. 107 repealed R.C. 4123.515 and 4123.519 and substituted R.C.4123.511(J) and 4123.512(H). State ex rel. Sysco Food Serv. of Cleveland, Inc. v. Indus. Comm. (2000), 89 Ohio St.3d 612, 613. The Sysco court noted that R.C. 4123.511(J) provides a graduated withholding schedule that allows the claimant to retain some amount of weekly benefit during the repayment process. Id. at 614. The Sysco court also noted that "[a]s applied by the commission, the new scheme has the advantage of eliminating or reducing the amount of what previously would have been a claimant windfall, since claimants rarely had to repay overpaid funds." Id. at 614.
In State ex rel. Farwick v. The Hoover Co. (Feb. 11, 1999), Franklin App. No. 97AP-1708, unreported, this court was faced with the question of whether R.C. 4123.511(J) or former R.C. 4123.515 applied to an overpayment of permanent total disability ("PTD") compensation. In Farwick, the claimant had applied for PTD compensation in 1988. In June 1992, the commission awarded PTD. Subsequent to the initiation of PTD payments, the award was administratively adjusted after a successful mandamus action was brought by the self-insured employer. The self-insured employer began recouping the overpayment from its current PTD payments pursuant to R.C. 4123.511(J). The claimant's motion challenging the recoupment was denied by the commission and the claimant brought a mandamus action in this court.
This court, in Farwick, found that R.C. 4123.511(J) did not apply to the overpayment because the overpayment occurred on an award that preceded the effective date of the statute. In Farwick, this court stated that "the law in effect on the date of the commission's order granting benefits that are later rescinded governs the issue of recoupment." Because the commission's order awarding PTD compensation predated the October 20, 1993 effective date of R.C. 4123.511(J), the statute did not apply.
In Farwick, this court indirectly addressed the Section 28, ArticleII, Ohio Constitution issue when it noted that the magistrate's reliance upon Cable v. Indus. Comm. (Oct. 22, 1996), Franklin App. No. 95AP-737, unreported (Memorandum Decision), was not misplaced. In Cable, this court did address the impact of Section 28, Article II, Ohio Constitution, on the applicability of R.C. 4123.511(J). This court, in Farwick, stated:
 * * * In Cable, this court looked at the date of the order granting temporary total disability compensation that was subsequently modified and resulted in an overpayment. Because the commission's order granting compensation was made after October 20, 1993, this court found that R.C. 4123.511(J) applied.
Based upon Farwick, this magistrate concludes that R.C. 4123.511(J) is applicable to overpayments occurring in the death claim at issue because the death claim was allowed following the July 22, 1994 hearing, which post-dates the effective date of H.B. 107. Moreover, as Farwick indicates, the applicability of R.C. 4123.511(J) to the overpayment of the death claim here does not violate Section 28, Article II, Ohio Constitution.
The second issue is whether R.C. 4123.511(J) permits recoupment of an overpayment in a death claim. The compensation at issue was paid to relator pursuant to R.C. 4123.59 which sets forth the compensation payable in death claims. R.C. 4123.511(J) provides a graduated withholding schedule that allows the claimant to retain some amount of weekly benefits during the repayment process when there is a withholding against temporary total disability compensation (R.C. 4123.56), permanent partial disability compensation (R.C. 4123.57), or permanent total disability compensation (R.C. 4123.58). R.C. 4123.511(J) does not provide for a graduated withholding schedule on R.C. 4123.59 death claim awards. In fact, R.C. 4123.511(J) does not specifically address R.C. 4123.59 death claim awards. Relator thus concludes that R.C. 4123.511(J) prohibits overpayment withholdings on compensation paid in death claims. Relator's conclusion is not supported by a plain reading of R.C. 4123.511(J).
Relator's argument seems to ignore or misread that portion of R.C.4123.511(J) that precedes the graduated withholding schedule. The statute provides that the self-insured employer or bureau "shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under Chapter 4121., 4123., 4127., or 4131. of the Revised Code." Clearly, the quoted language encompasses death claims which fall under Chapter 4123. of the Revised Code. Thereafter, R.C. 4123.511(J) commands the employer or bureau to withhold pursuant to the "criteria" that follows. Nothing in the so-called "criteria" portion of R.C. 4123.511(J) indicates that there shall be no withholding in death claims. Contrary to relator's suggestion, that R.C. 4123.511(J) does not specifically address R.C. 4123.59 death claims is not a basis to eliminate death claims from the withholding provisions of R.C. 4123.511(J).
R.C. 4123.511(J) is unambiguous and definite with respect to the issue raised here. If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. State ex rel. Burrows v. Indus. Comm. (1997), 78 Ohio St.3d 78,81. Unambiguous statutes are to be applied according to the plain meaning of the words used. Id. The magistrate concludes that the commission properly found that R.C. 4123.511(J) permitted Ohio Edison to recoup the overpayment in the death claim.
Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
[1] The first issue addressed herein was initially raised in relator's reply brief. Thus, respondents did not have an opportunity to address the issue. Nevertheless, the magistrate will address the issue.